UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE A. JULIAN-BEY and
BRUCE H. BUTLER,

       Plaintiffs,                       Case No. 22-cv-12525
                                              Honorable Sean F. Cox

v.

GRETCHEN WHITMER, *ET AL.*,

       Respondent.

_____/

**OPINION AND ORDER DISMISSING**
**PLAINTIFF BRUCE H. BUTLER**

      This prisoner civil rights action was filed by two prisoner-plaintiffs, Eddie A. Julian-Bey and Bruce H. Butler. Julian-Bey and Butler are in the custody of the Michigan Department of Corrections (MDOC) and currently confined in the Gus Harrison Correctional Facility in Adrian, Michigan. The complaint, filed under 42 U.S.C. § 1983, alleges that the defendants (Michigan's governor and MDOC officials) violated the Eighth and Fourteenth Amendments based on the conditions at the prison and the defendants' response to the COVID-19 pandemic. Julian-Bey also alleges that he was denied doctor-prescribed medication to alleviate chronic pain.

      While the joinder of parties is "strongly encouraged" where appropriate in the interest of judicial economy and fairness, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), there are practical difficulties inherent in allowing unrepresented prisoners to join together as plaintiffs in one action. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.). These difficulties include circulating papers

for all prisoners to sign in accordance with Fed. R. Civ. P. 11(a), the transitory nature of prison populations, and the potential that a prisoner-plaintiff may be prejudiced by another's delay or failure to correct deficiencies in *in forma pauperis* applications or other filings. *See, e.g.*, *Calhoun v. Washington*, No. 21-10476, 2021 WL 1387782, at *2 (E.D. Mich. Apr. 13, 2021). In addition, the "'need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a),'" contributes to the difficulties of multiple-plaintiff *pro se* prisoner cases. *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *6 (D.N.J. June 23, 2008)). In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* For these reasons, the Court will dismiss Bruce H. Butler without prejudice.

      Accordingly, IT IS ORDERED that Plaintiff Bruce H. Butler is DISMISSED WITHOUT PREJUDICE.

      SO ORDERED.

Dated: November 17, 2022            s/Sean F. Cox
                                                            Sean F. Cox
                                                            U. S. District Judge