UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE A. JULIAN,

          Plaintiff,          Civil Action No. 22-12525

v.          Sean F. Cox
          United States District Judge

GRETCHEN WHITMER, *et al.*,          David R. Grand
          United States Magistrate Judge

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT (ECF No. 17)**

**I.    REPORT**

    **A.    Background**

On October 20, 2022, *pro se* plaintiff Eddie A. Julian[1] ("Julian"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Gretchen Whitmer, Heidi Washington, Sherman Campbell, Noah Nagy, and John/Jane Doe employees of the Michigan Department of Corrections. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 12).

Now before the Court is Julian's Motion for Rule 60(b) Relief from Judgment, which was filed on August 28, 2023. (ECF No. 17). No response was filed to this motion,

---

[1] Bruce H. Butler was also a named plaintiff in this action; however, on November 17, 2022, the Honorable Sean F. Cox issued an Opinion and Order dismissing Butler's claims. (ECF No. 5). That Opinion and Order is at issue in Julian's instant motion.

and the time for responding has now passed.  Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

In his motion for relief from judgment, Julian challenges the November 17, 2022 Opinion and Order the Honorable Sean F. Cox issued in this case, which dismissed the claims of Julian's co-plaintiff, Bruce Butler ("Butler"), who also is incarcerated.  (ECF No. 5) (the "November 17, 2022 Order").  In the November 17, 2022 Order, Judge Cox noted that, while the joinder of parties is strongly encouraged where appropriate in the interests of judicial economy and fairness, there are "practical difficulties inherent in allowing unrepresented prisoners to join together as plaintiffs in one action."  (*Id.*, PageID.86-87) (citing cases).  After detailing such "practical difficulties" in this case, Judge Cox dismissed Butler's claims without prejudice.  (*Id.*, PageID.87).

Julian now moves to set aside the November 17, 2022 Order, accusing Judge Cox of engaging in "fraud," "flagrant deceit," a "cover-up," and a "conspiracy" with the Honorable Denise Page Hood when he dismissed Butler's claims in the instant case.  (ECF No. 17, PageID.137-38, 149).  Julian's ire stems from the fact that on October 28, 2022, the Honorable Denise Page Hood dismissed a separate case Julian and Butler had brought, finding it to be "duplicative" of the instant case.  (Case No. 22-12528, ECF No. 4).  Essentially, Julian seems to be challenging the fact that, between Judge Cox's November 17, 2022 Order in this case and Judge Hood's October 28, 2022 dismissal of Case No. 22-12528, Butler has been left with no case through which to prosecute his claims,

2

notwithstanding that he has now paid the filing fee in the case before Judge Hood. (*Id.*, ECF No. 7). Julian's argument lacks substantive merit and is misplaced.

### B. Applicable Legal Standards

Julian seeks relief from the November 17, 2022 Order pursuant to Fed. R. Civ. P. 60(b)(6), which provides that a court may relieve a party from an order or judgment for "any other reason that justifies relief." As Julian acknowledges in his motion (ECF No. 17, PageID.54), this "catch-all" category of Rule 60(b) relief is reserved for extraordinary circumstances. *See Buck v. Davis*, 580 U.S. 100, 123 (2017). Indeed, relief under this rule is exceedingly rare. *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.* 298 F.3d 586, 595 (6th Cir. 2002).

### C. Analysis

Julian's instant motion to set aside the November 17, 2022 Order lacks substantive merit. Julian has provided absolutely no basis for the scandalous allegations he makes against Judge Cox and Judge Hood; indeed, his motion is full of inflammatory, wholly conclusory accusations, references to an ongoing purported "conspiracy" among multiple judges in this District (including Judge Grey and Judge Kumar, as well as Judge Cox and Judge Hood), repeated claims of "fraud" and "egregious misconduct," as well as other allegations of wrongdoing. (ECF No. 17). Inflammatory rhetoric aside, however, Julian's motion – at its core – is a challenge to Judge Cox's order dismissing Butler as a plaintiff in *this* case based on case law recognizing the inherent difficulty of managing multiple-plaintiff *pro se* prisoner cases. (ECF No. 5, PageID.87) (citing cases). Julian simply has not identified any error in Judge Cox's determination in this regard, let alone set forth

"extraordinary circumstances" requiring the nearly-one-year-old November 17, 2022 Order to be set aside. As such, Julian's instant motion for relief from judgment (ECF No. 17) should be denied.

Julian's challenge is also misplaced, as his real argument seems to be that because Butler was dismissed from *the instant case* pursuant to the November 17, 2022 Order, Judge Hood should reconsider her October 28, 2022 dismissal of Butler's claims *in Case No. 22-12528* as "duplicative" of the ones in the instant case. Thus, rather than *Julian* moving to set aside the November 17, 2022 Order *in this case*, the appropriate recourse would appear to be for *Butler* to seek to re-open *Case No. 22-12528*. Indeed, Butler appears to have attempted to do just that, as he filed an "objection" to Judge Hood's Order of Dismissal in Case No. 22-12528 and recently satisfied the filing fee in that case. (Case No. 22-12528, ECF Nos. 5, 7).

## II.  RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Julian's Motion for Rule 60(b) Relief from Judgment **(ECF No. 17)** be **DENIED**.

Dated: October 30, 2023          s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

4

hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2023.

                s/Eddrey O. Butts  
                EDDREY O. BUTTS  
                Case Manager